BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CENCO INCORPORATED )  DOCKET NO. 291
SECURITIES LITIGATION    )

OPINION AND ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JUL 25 1977
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH L. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY**, JUDGES OF THE PANEL

PER CURIAM

In June 1975 Cenco Inc. disclosed that some of its financial statements concerning its 1973 and 1974 fiscal years, and possibly prior fiscal years, were erroneous. This disclosure generated nine private actions that are currently pending in two federal districts: eight in the Northern District of Illinois and one in the Central District of California.1/ Five of the

---

\* Judges Becker and Lord took no part in the consideration or decision of this matter.

\*\* Judge Caffrey recused himself and took no part in the consideration or decision of this matter.

1/ A tenth private action, filed in the District of New Jersey and subsequently transferred to the Northern District of Illinois pursuant to 28 U.S.C. §1404(a), was originally included in the motion before the Panel. Because a motion to re-transfer this action to the District of New Jersey is currently sub judice in the Northern District of Illinois, all interested parties agreed to exclude this action from the motion before the Panel. If the 1404(a) re-transfer motion is denied and this action remains before the transferee court regardless of the transfer we are herewith ordering, the question of whether this action should be included in the coordinated or consolidated pretrial proceedings would be left to the discretion of the transferee judge. See In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation, 423 F. Supp. 937, 939 (J.P.M.L. 1976). See also Rule 10(a), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975). If the 1404(a) re-transfer motion is granted, the Panel might then consider treating this action as a tag-along action. See Rules 1, 9 and 10, 65 F.R.D. 253, 255, 259-60 (1975).

Illinois private actions originally had been filed in other districts and were transferred to the Northern District of Illinois under 28 U.S.C. §1404(a). In addition to these private actions, the Securities and Exchange Commission (SEC) has filed a related action in the Northern District of Illinois.

Six of the eight Illinois private actions are brought as class actions on behalf of all purchasers of Cenco securities during various periods commencing approximately May 1, 1970, and ending June 24, 1975, who either sold or continue to hold the securities at a loss. No classes have yet been certified, however. The two remaining Illinois private actions are brought individually by open market purchasers of Cenco securities. Defendants in the Illinois private actions include Cenco, several of its present or former officers, directors and employees, and the accounting firm that certified Cenco's financial reports from 1970 through 1975. Many of these parties are also named as defendants in the SEC's action. In addition, seven of the eight Illinois private actions have been consolidated for all purposes.

The California action was commenced by persons who owned Seelect Dietary Products, Inc. (Seelect), sold Seelect to Cenco in exchange for Cenco stock in April 1972, and reacquired part of Seelect from Cenco in June 1975. Named as defendants are Seelect, Cenco, several of Cenco's present and former directors, officers and employees, and Cenco's accounting firm. With the exception of Seelect, all these defendants are also defendants in the Illinois actions. In late 1976, the district court in the California action denied a motion brought by many of the defendants

in that action to transfer it to the Northern District of Illinois pursuant to Section 1404(a).

The complaints in all nine private actions basically allege that between May 1970 and June 1975 the defendants violated the federal securities laws and various state securities statutes by participating in the issuance of numerous false and misleading financial statements in order to artificially inflate the market price of Cenco securities. In addition, the plaintiffs in the California action allege that during the negotiations for the sale of Seelect to Cenco and during the negotiations to sell back part of Seelect the defendants made express material misrepresentations to these plaintiffs concerning the value of Cenco securities.[2]

Defendant Cenco and three individual defendants move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the California action to the Northern District of Illinois for coordinated or consolidated pretrial proceedings with the actions already pending there. Only the plaintiffs in the California action oppose transfer.

We find that the private actions involve common questions of fact and that transfer of the California action under Section 1407 to

---

[2] In September 1976, Cenco filed two actions in California state court against some of the original owners of Seelect, claiming default on the obligations arising from their reacquiring part of Seelect in June 1975. These original owners of Seelect have raised as defenses in these actions many of the allegations which they made in their complaint in the California federal court action.

-4-

the Northern District of Illinois will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in the California action argue that unique factual issues involving the parties' face to face dealings, the value of the business sold to Cenco, a warranty of Cenco's financial condition given to plaintiffs and the question of restitution predominate in that action. And while these plaintiffs concede that the actions in this litigation share questions of fact concerning defendants' alleged omissions and misrepresentations, they contend that Section 1407 pretrial proceedings are not necessary to prevent duplicative discovery on these common factual issues. They state that the district court in the California action already has anticipated the possibility of duplicative discovery and, in denying the motion to transfer the California action to the Northern District of Illinois under Section 1404(a), specifically found the problem to be manageable. In addition, these plaintiffs assert that their counsel and lead counsel for plaintiffs in the consolidated Illinois actions have made informal arrangements to cooperate in the conduct of discovery on common issues.3/

---

3/ These plaintiffs also state that they have taken steps to coordinate discovery efforts with a related California state court action filed by different plaintiffs against Cenco and most of the other defendants involved in the Central District of California action.

These plaintiffs further contend that the Central District of California is the only appropriate district in which to conduct pretrial proceedings in their action. They argue that all their contacts with the defendants occurred within that district and that all of plaintiffs' witnesses reside there. In addition, they state that they do not have the financial resources to litigate their claims in the Northern District of Illinois. Cenco, on the other hand, has extensive facilities in California and has chosen to file related actions in California state court against some of the plaintiffs in the Central District of California action, it is asserted.

These arguments are not persuasive. While we recognize that the California action will involve some unique factual issues concerning plaintiffs' negotiations directly with some of the defendants, we are convinced that all the actions before the Panel involve a common and predominating core of facts concerning the allegations that Cenco securities had an artificially inflated market price because of Cenco's and the other common defendants' involvement in issuing false and misleading statements to the general public. Although the California district court has expressed its willingness closely to monitor discovery in the California action and to take all steps necessary to avoid duplication or conflict between that action and the Illinois actions, transfer of the California action to the Northern District of Illinois for pretrial under Section 1407 will ensure the prevention of

duplicative discovery, eliminate the possibility of inconsistent pretrial rulings, maximize the use of judicial time and resources, and thereby best promote the just and expeditious termination of this litigation.[4/] The transferee judge, of course, has the discretion and flexibility to accommodate the needs of the California plaintiffs, or any other party, for any unique discovery or judicial attention concurrently with the conduct of common pretrial matters. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Furthermore, if the plaintiffs in the California action wisely pool their efforts with the plaintiffs in the Illinois actions, we are confident that all plaintiffs will experience a net savings of time, effort and expense. See In re Ascot Oils, Inc. Securities Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed June 17, 1977). We note that plaintiffs' witnesses will likely be deposed in proximity to their residences, see Fed. R. Civ. P. 45(d)(2), and thereby would not be required to travel to the transferee district for pretrial under Section 1407.

Clearly, the Northern District of Illinois is the most appropriate transferee forum for this litigation. Eight of the nine actions before the Panel already are pending there. And all the

---

[4/] While the Panel does not have the authority to include the related California state court actions, see nn. 2 & 3 supra, in the Section 1407 proceedings we are herewith ordering, we see no obstacle to prevent the parties from continuing to share discovery and coordinate discovery efforts between the California state and federal actions.

Illinois actions are assigned to Judge John Powers Crowley who has had an opportunity to become acquainted with the issues involved here and is therefore in the best position to supervise the coordinated or consolidated pretrial proceedings toward their most just and expeditious termination. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Central District of California be, and the same hereby is, transferred pursuant to 28 U.S.C. §1407 to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable John Powers Crowley for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

## SCHEDULE A

Docket No. 291

| NORTHERN DISTRICT OF ILLINOIS | Civil Action No. |
|---|---|
| Robert Helfand, et. al. v. Cenco Incorporated, et. al. | 75-C-2227 |
| Robert Helfand, et. al. v. Cenco Incorporated, et. al. | 75-C-2506 |
| Robert Helfand, et. al. v. Cenco Incorporated, et. al. | 75-C-3394 |
| Sonny Merrit v. Cenco Incorporated, et. al. | 75-C-2981 |
| Robert Helfand, et. al. v. Cenco Incorporated, et. al. | 76-C-1085 |
| Melville N. Rothschild, Jr., et. al. v. Cenco Incorporated, et. al. | 76-C-3854 |
| H. David Spirt, et. al. v. Cenco Incorporated | 76-C-4310 |
| 231 Club, et. al. v. Cenco Incorporated | 76-C-4496 |
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| Max Lessin, et. al. v. Cenco Incorporated, et. al. | 76-1299-F |

DOCKET NO. 291

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE CENCO, INC. SECURITIES LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned from Judge John Powers Crowley to Judge Marvin E. Aspen, in accordance with the Local Rules for the United States District Court for the Northern District of Illinois,

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Marvin E. Aspen for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. 1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman